**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| RIGOBERTO MARTINEZ VILLALPANDO,[1]<br><br>Petitioner,<br><br>v.<br><br>FERETI SEMAIA, et al.,<br><br>Respondents. | Case No. 5:26-cv-06756-DFM<br><br>ORDER GRANTING IN PART UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Petitioner Rigoberto Martinez Villalpando, proceeding through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his civil immigration detention beginning October 16, 2026. See Dkt. 1 ("Petition"). Respondents did not appear or respond by the Court-set deadline. See Dkt. 5. That default does not itself entitle Petitioner to relief, see Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990), so the Court treats the Petition's well-pleaded allegations as uncontested and reaches the merits.

[1] The caption refers to Petitioner as "Roberto Martinez Villalpando." The Court refers to Petitioner by the name utilized in his Petition and its attachments. See Dkt. 1.

For the reasons stated below, the Petition is **GRANTED** in part. Respondents shall immediately release Petitioner Rigoberto Martinez Villalpando (A# 222-570-810) on the conditions of release, if any, in effect immediately before his October 16, 2026 detention.

## II. BACKGROUND

Petitioner, a native and citizen of Mexico, entered the United States without inspection on or about December 1999. See Petition ¶¶ 11, 19. Petitioner has resided in the United States since that time. See id. ¶ 19. Before his detention, Petitioner lived in Moreno Valley, California with his wife and two United States citizen children. See id. ¶ 20. Petitioner has longstanding family, residential, and community ties in Southern California; he and his wife own a home in Moreno Valley. See id. ¶ 21. Petitioner owns a landscaping company and has paid taxes. See id. ¶¶ 22-23.

Petitioner alleges that he does not currently have an immigration petition pending. See id. ¶ 24. According to the Executive Office of Immigration Review Automated Case Information, Petitioner's "case is pending" with no future hearings scheduled. See https://acis.eoir.justice.gov/en/ (search A-Number: "222570810," Nationality: "Mexico") (last accessed November 20, 2026).

On or about October 16, 2026, U.S. Immigration and Customs Enforcement ("ICE") officers arrested Petitioner while he was traveling to work in Moreno Valley between approximately 6:15 and 7:20 a.m. See id. ¶ 25. Petitioner alleges that five vehicles intercepted him at a red light: two were in front of him and the other three surrounded him from the sides. See id. ¶ 26.

Approximately three firearm-carrying ICE officers approached Petitioner. See id. ¶ 28. The officers asked Petitioner for his identification and advised him that they were conducting a routine inspection in the area. See id. Petitioner did not resist or attempt to flee; he provided his identification and

complied with the officers. See id. ¶¶ 28-29. Petitioner alleges that the officers did not ask him for his name or check whether he was a United States citizen or a lawful permanent resident. See id. ¶¶ 28, 30. Petitioner alleges that the officers simply asked for his identification and then proceeded to arrest him, without informing him of the reason for his arrest or an explanation as to why he was being taken into custody. See id. ¶¶ 30-31.

Petitioner alleges that he was not presented with a judicial or an administrative arrest warrant or told that one had issued. See id. ¶¶ 32-33. Petitioner alleges that the officers did not inform him that he posed a community danger or was likely to escape before a warrant could be obtained. See id. ¶ 34. Petitioner contends that the only reason he was stopped and arrested is his apparent race (he is Hispanic) and his occupation (landscaping). See id. ¶ 38. Petitioner alleges that he has not received a bond hearing before an Immigration Judge ("IJ"). See id. ¶ 86. Petitioner remains detained at the Adelanto ICE Processing Center. See id. ¶ 17; https://locator.ice.gov/odls/#/search (search A-Number: "222570810," Country of Birth: "Mexico") (last accessed November 20, 2026).

Petitioner challenges his arrest and detention on the following grounds: unlawful warrantless arrest and detention in violation of 8 U.S.C. §§ 1226(a) and 1357(a)(2), 8 C.F.R. § 287.8, and the injunction entered in Vasquez Perdomo v. Mullin, No. 2:25-cv-05605-MEMF-SP, --- F. Supp. 3d ---, 2026 WL 2751388 (C.D. Cal. Sept. 2, 2026) (Count One); violation of the procedural component of the Fifth Amendment Due Process Clause (Count Two); and violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), (C), and (D) (Counts Three and Four). See Petition ¶¶ 60-114. Petitioner seeks immediate release subject to pre-existing conditions and not conditioned upon placement on electronic or GPS monitoring, as well as fees. See id. at 26.

## III. DISCUSSION

A district court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Exhaustion is prudential, see Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011), and not argued by the non-responding Respondents.

The non-appearing Respondents have not identified the statutory authority under which they detain Petitioner. In Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026), the Ninth Circuit held that noncitizens present without admission who are apprehended in the interior of the United States are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and that § 1226(a) supplies the governing authority. Though Petitioner appears to invoke § 1226(a), see Petition ¶ 110, the constitutional analysis below does not turn on which statute governs Petitioner's detention.

Under § 1226(a), a noncitizen may be arrested "[o]n a warrant issued by the Attorney General" and detained pending a decision on removal. Federal law prohibits a warrantless arrest of a noncitizen in the United States unless, inter alia, the immigration officer has "reason to believe" that the noncitizen is in the United States in violation of immigration law and "is likely to escape before a warrant can be obtained . . . " 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(ii). Under the regulation, at the time of the arrest, the immigration officer shall, "as soon as it is practical and safe," identify themselves as an immigration officer who is authorized to execute an arrest and "[s]tate that the person is under arrest and the reason for the arrest." 8 C.F.R. § 287.8(c)(2)(ii). The regulations provide for specific procedures for warrantless arrests. See 8 C.F.R. § 287.8(c)(3).

In Vazquez Perdomo, the court granted a motion to certify a "Warrantless Arrest Class" defined as: "All persons, since June 6, 2025, who

have been arrested or will be arrested in this District for alleged immigration violations without a warrant and without a pre-arrest, individualized assessment of probable cause that the person poses a likelihood of escape." No. 25-05605, 2026 WL 2752137, at *24 (C.D. Cal. Sept. 2, 2026). The Vazquez Perdomo court issued a preliminary injunction enjoining the government from enforcing their policy and practice of making warrantless civil immigration arrests in the Central District without a prearrest individualized determination by the arresting agent or officer of probable cause that the person being arrested is likely to escape before a warrant can be obtained, as required by 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2). See 2026 WL 2751388, at *31.

Petitioner argues that his warrantless arrest was unlawful under the statute, regulations, and Vazquez Perdomo injunction. See Petition ¶¶ 60-74. Specifically, he contends that the ICE officers did not make the requisite prearrest individualized determination of probable cause to believe that he was unlawfully present in the United States and likely to escape before a warrant could be obtained. See id. ¶¶ 64-69. Petitioner argues that "there was no conceivable likelihood of escape," nothing suggests that he was likely to escape before a warrant could be obtained, and the officers did not claim otherwise. Id. ¶ 68. Petitioner also disclaims any exigent circumstances. See id. ¶ 69. As relief, Petitioner seeks immediate release. See id. ¶¶ 72-73.

The non-appearing Respondents have not contested Petitioner's allegations. On this unopposed record, the Court agrees with Petitioner that there is no evidence in the record that Petitioner was likely to escape before Respondents could obtain a warrant. As with other courts in recent months, the Court concludes that Petitioner's warrantless arrest violated applicable law and will grant the unopposed Petition on Count One. See, e.g., Corea Galeano v. Casey, No. 26-6258, 2026 WL 3549020 (S.D. Cal. Nov. 17, 2026); Vargas v. Mullin, No. 26-6475, 2026 WL 3521197, at *1 (C.D. Cal. Nov. 16, 2026).

Moreover, on this unopposed record, Petitioner's arrest and continued detention without process violates his due process rights. The Fifth Amendment forbids the Government to deprive any person of liberty without due process of law, and "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Id. at 693.

"A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." Engquist v. Or. Dep't of Agric., 478 F.3d 985, 996 (9th Cir. 2007) (internal quotation marks and citation omitted). "The recognized liberty interests of U.S. citizens and aliens are not coextensive." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022).

Petitioner, who has lived in the United States for over two-and-a-half decades, asserts that he plainly holds a protected liberty interest. See Petition ¶ 76. Some district courts have concluded that a noncitizen who builds a substantial life in the United States over a period of many years after entering without inspection develops a constitutionally protected liberty interest in remaining out of custody. See, e.g., Vargas, 2026 WL 3521197, at *2; Ramirez-Serna v. Mullin, No. 26-2384, 2026 WL 1514337, at *6 (C.D. Cal. May 28, 2026). The non-appearing Respondents have not contested that Petitioner holds a protected liberty interest. Thus, on this unopposed record, the Court assumes without deciding that Petitioner has a protectible liberty interest in freedom from detention. See Vargas, 2026 WL 3521197, at *2.

The sufficiency of the procedures attending a deprivation of liberty is assessed under the three-factor framework of Mathews v. Eldridge, 424 U.S.

319, 335 (1976), which weighs (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of additional process. See Rodriguez Diaz, 53 F.4th at 1206-07 (applying Mathews to immigration detention).

On this unopposed record, the Mathews factors favor Petitioner. The private interest—freedom from physical confinement—is substantial. However, "it is important not to overstate the strength of [Petitoiner's] showing under the first Mathews factor" where Petitioner seemingly may, upon request, have further process available in the form of a § 1226(a) custody redetermination hearing. Id. at 1207. The risk of erroneous deprivation is high because Petitioner received no pre-deprivation process: no warrant, no explanation of the basis for his detention, no custody determination he could contest, and no custody redetermination hearing before an IJ in the over a month since his arrest. On this unopposed record, no governmental interest in detaining Petitioner without process appears. Petitioner asserts and the non-appearing Respondents have not contested that there were no exigent circumstances. The non-appearing Respondents assert no danger, flight risk, urgency, or other justification for Petitioner's detention. On this uncontested record, Petitioner's detention without any process violates due process.

Petitioner seeks immediate release subject to pre-existing conditions. See Petition at 26. Given Respondents' non-opposition, the Court will order Petitioner's requested relief to restore the status quo ante.

Counts Three and Four challenge the same arrest and detention under the APA and are "pleaded in addition and in the alternative to Petitioner's claim for habeas relief under 28 U.S.C. § 2241." Petition ¶¶ 96, 106. APA review is available only for agency action "for which there is no other adequate

remedy in a court." 5 U.S.C. § 704. Because habeas directly remedies the injury these counts describe, the Court will dismiss them without prejudice.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. Counts One and Two of the Petition are **GRANTED**.

2. Counts Three and Four of the Petition are **DISMISSED WITHOUT PREJUDICE**.

3. Respondents shall forthwith release Petitioner Rigoberto Martinez Villalpando (A# 222-570-810) on the conditions of release, if any, in effect immediately before his October 16, 2026 detention.

4. Within five (5) days, Respondents shall file a status report confirming compliance with paragraph 3.

5. Any application for fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, shall be filed in accordance with that statute.

Date: November 23, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge